1  LATHAM & WATKINS LLP
   Elizabeth L. Deeley (CA Bar No. 230798)
2    *elizabeth.deeley@lw.com*
   Melanie M. Blunschi (CA Bar No. 234264)
3    *melanie.blunschi@lw.com*
   505 Montgomery Street, Suite 2000
4  San Francisco, California 94111-6538
   Telephone: +1.415.391.0600
5  Facsimile: +1.415.395.8095

6  *Attorneys for Defendant 2U, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IOLA FAVELL, SUE ZARNOWSKI, and MARIAH CUMMINGS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSITY OF SOUTHERN CALIFORNIA and 2U, INC., <br><br> Defendants. | Case No. 2:23-cv-846 <br><br> **DEFENDANT 2U, INC.'S NOTICE OF REMOVAL** <br><br> *From the Superior Court of the State of California, County of Los Angeles, Case No. 22STCV39350* |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2U, INC.'S
NOTICE OF REMOVAL
CASE NO. 2:23-cv-846

**TO THE CLERK OF COURT, PLAINTIFF, AND COUNSEL OF RECORD:**

1. **PLEASE TAKE NOTICE** that Defendant 2U, Inc. ("2U"), through undersigned counsel, hereby removes the above-captioned action—with reservation of all defenses and rights—from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to the Class Action Fairness Act ("CAFA") and 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

2. For the sole and limited purpose of establishing the basis of this Court's jurisdiction over this action, 2U assumes as true Plaintiffs' allegations—but 2U emphatically denies the allegations and any liability in this case. The Complaint is legally and factually unfounded, and, at the appropriate time, 2U will move to dismiss Plaintiffs' claims under Rule 12 of the Federal Rules of Civil Procedure.

3. 2U is an online education platform company that helps non-profit colleges and universities build, deliver, and support online degree and alternative credential programs. 2U offers a leading online learning platform, technology infrastructure support, and enrollment, marketing, and other student support services to the University of Southern California ("USC"), as well as to other educational institutions. 2U does not, however, participate in the U.S. News & World Report rankings process, did not communicate with U.S. News & World Report regarding USC, and never knowingly included false rankings in any of its marketing materials.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

4. On or about December 20, 2022, Plaintiffs Iola Favell, Sue Zarnowski, and Mariah Cummings ("Plaintiffs") filed a Class Action Complaint ("Complaint") in the Superior Court of the State of California, County of Los Angeles, captioned *Iola Favell, Sue Zarnowski and Mariah Cummings v. University of Southern California and 2U, Inc.*, Case No. 22STCV39350. A copy of the Complaint is attached hereto as **Exhibit A**.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

2U, INC.'S
NOTICE OF REMOVAL
CASE NO. 2:23-cv-846

5. On January 5, 2023, Plaintiffs served the Complaint and Summons on 2U. The Complaint asserts claims against USC and 2U for alleged violations of California's False Advertising Law ("FAL") (Cal. Bus. & Prof. Code § 17500), California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200), and California's Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code §§ 1750 et seq.). Ex. A ("Compl.") ¶¶ 10, 147-167.

6. Plaintiffs purport to bring this action on behalf of themselves as well as a purported nationwide class of "[a]ll students who were enrolled in an online graduate degree program at USC Rossier, from April 1, 2009, through April 27, 2022." *Id.* ¶ 135.

**II. THIS COURT HAS JURISDICTION PURSUANT TO CAFA**

7. This case is removable, and this Court has jurisdiction over this action pursuant to CAFA and 28 U.S.C. §§ 1332(d), 1441, and 1453, because (1) this case is a putative class action with more than 100 members in the proposed class, (2) there is minimal diversity, since Plaintiffs and 2U are citizens of different states and, alternatively, at least one member of the proposed class and 2U are citizens of different states, and (3) the Complaint places in controversy an amount that exceeds $5 million in the aggregate, considering all damages and equitable relief sought on behalf of Plaintiffs and the proposed class, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).

8. A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014); *see also Salter v. Quality Carriers, Inc.,* 974 F.3d 959, 963 (9th Cir. 2020) (same). 2U must provide only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that the jurisdictional requirements of CAFA are satisfied, *Dart Cherokee*, 574 U.S. at 89. Thus, while 2U denies any and all liability as to Plaintiffs' claims and denies that this matter should proceed at

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

2U, INC.'S
NOTICE OF REMOVAL
CASE NO. 2:23-cv-846

all, let alone as a class action, each of the jurisdictional requirements of CAFA is satisfied here.

### A. This Is A Putative Class Action In Which The Proposed Class Readily Exceeds 100 Members

9. A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

10. This lawsuit meets that definition. *See* Cal. Code Civ. Proc. § 382 ("[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."); *see also* 28 U.S.C. § 1332(d)(1)(B). In particular, Plaintiffs sue "on behalf of themselves and [a] class." Compl. ¶ 10; *see also id.* ¶¶ 135-142.

11. For removal purposes, CAFA requires that the proposed class consists of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

12. The Complaint defines the putative class as "[a]ll students who were enrolled in an online graduate degree program at USC Rossier, from April 1, 2009, through April 27, 2022." Compl. ¶ 135. Though the Complaint does not identify the number of putative class members, Plaintiffs allege that "there have been approximately 300 students enrolled just in Defendants' online Master's of Arts in Teaching program each year." *Id.* ¶ 136. In addition, Plaintiffs assert that "many thousands of current and former students are likely included in the Class." *Id.* Accordingly, 28 U.S.C. § 1332(d)(5)(B) is satisfied.

### B. There Is Minimal Diversity Among The Parties

13. To establish federal jurisdiction, a defendant must show only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "CAFA was intended to strongly favor federal

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

2U, INC.'S
NOTICE OF REMOVAL
CASE NO. 2:23-cv-846

jurisdiction over interstate class actions." *King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 878 (9th Cir. 2018). Removal therefore is proper when even one proposed class member is a citizen of a state different from a defendant's state of citizenship. *See id.* at 877; *see also Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

14. 2U is a Delaware corporation with its principal place of business in Maryland. Compl. ¶ 15. 2U is therefore a citizen of Delaware and Maryland for purposes of diversity jurisdiction. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (quoting 28 U.S.C. § 1332(c)(1))).

15. According to the Complaint, Plaintiff Favell is a resident of California. Compl. ¶ 11. 2U is informed and believed, and on that basis alleges, that Plaintiff Favell is a citizen of California for purposes of diversity jurisdiction.

16. According to the Complaint, Plaintiff Zarnowski is a resident of Connecticut. *Id.* ¶ 12. 2U is informed and believed, and on that basis alleges, that Plaintiff Zarnowski is a citizen of Connecticut for purposes of diversity jurisdiction.

17. According to the Complaint, Plaintiff Cummings is a resident of New York. *Id.* ¶ 13. 2U is informed and believed, and on that basis alleges, that Plaintiff Cummings is a citizen of New York for purposes of diversity jurisdiction.

18. Diversity of citizenship thus exists between Plaintiffs and 2U or between at least one other member of the proposed class and 2U. Removal is therefore proper. *See* 28 U.S.C. § 1332(d)(2)(A).

C. **The Amount In Controversy Exceeds $5 Million**

19. To be clear, 2U denies that Plaintiffs or members of the putative class are entitled to the damages that Plaintiffs seek here. Plaintiffs' allegations are

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

2U, INC.'S
NOTICE OF REMOVAL
CASE NO. 2:23-cv-846

entirely without merit, and class treatment is not appropriate in this case. For purposes of this Notice of Removal, however, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and satisfies the amount-in-controversy jurisdictional requirement of CAFA. *See* 28 U.S.C. § 1332(d)(2).

20. CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). The amount in controversy is first determined by reviewing the allegations of the operative complaint. *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). Where a complaint does not state a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 81.

21. Plaintiffs seek, among other things, (i) "declaratory relief as permitted by law or equity"; (ii) "actual, incidental, and consequential damages and available forms of recovery [] including any and all compensatory damages, punitive damages, restitution, [and] any applicable penalties and interest"; and (iii) "all reasonable costs and attorneys' fees incurred." Compl. Prayer for Relief ¶¶ b-d. *See also Fritsch v. Swift Transp. Co. or Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.").

22. Plaintiffs do not allege a specific dollar amount in damages. Plaintiffs do, however, seek damages in the form of "tuition and fees that [Plaintiffs and member of the Class] paid in full or at a premium (including in the form of debts they incurred for Defendants' graduate education programs (including interest))."

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

2U, INC.'S
NOTICE OF REMOVAL
CASE NO. 2:23-cv-846

Compl. ¶ 166; *see also id.* ¶¶ 153, 161, 173. And Plaintiffs allege that the "online Master of Arts in Teaching degree has historically cost upwards of $50,000," and "many of the online EdD programs cost more than $100,000." *Id.* ¶ 40. Such damages multiplied across the "many thousands of current and former students" that arguably comprise Plaintiffs' putative class would well exceed $5 million. *Id.* ¶ 136; *see Dart Cherokee*, 574 U.S. at 89.

23. And this does not take into account any attorneys' fees Plaintiffs seek under the California Legal Remedies Act and California Code of Civil Procedure § 1021.5. *See* Compl. Prayer for Relief ¶ d; *Fritsch*, 899 F.3d at 793. Likewise, any assessment of the total amount in controversy must also take into consideration the costs that would be associated with implementing the equitable remedies Plaintiffs seek. *See* Compl. Prayer for Relief ¶¶ b, c, f. *See, e.g.*, *Anderson v. Seaworld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1164 (N.D. Cal. 2015) (including value of future ticket sales that would be lost as the result of having to modify purportedly deceptive advertising in determining amount in controversy).

### III. REMOVAL VENUE

24. This is the appropriate Court for removal because the Los Angeles County Superior Court where the removed case was pending is located within this District. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a).

### IV. COMPLIANCE WITH REMOVAL PROCEDURE

25. Plaintiffs purported to effectuate service of the Complaint and Summons on 2U by personal service to its registered service agent on January 5, 2023. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of service.

26. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibits A-S are true and correct copies of the Complaint and all process, pleadings, and orders served upon 2U:

    a. A copy of the complaint is attached hereto as **Exhibit A.**

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

2U, INC.'S
NOTICE OF REMOVAL
CASE NO. 2:23-cv-846

b. A copy of the Summons is attached hereto as **Exhibit B**.

c. A copy of the Superior Court Civil Case Cover Sheet is attached hereto as **Exhibit C**.

d. A copy of the Notice of Case Assignment is attached hereto as **Exhibit D**.

e. A Copy of the Superior Court First Amended General Order re E-Filing is attached hereto as **Exhibit E**.

f. A copy of the Superior Court's ADR Packet is attached hereto as **Exhibit F**.

g. A copy of the Superior Court's Voluntary Efficient Litigation Stipulation Package is attached hereto as **Exhibit G**.

h. A copy of the Superior Court's Certificate of Mailing is attached hereto as **Exhibit H**.

i. A copy of the Initial Case Management Conference Order is attached hereto as **Exhibit I**.

j. A copy of the Notice of Hearing and Motion and Verified Application by Eric Rothschild for Approval to Appear *Pro Hac Vice* on behalf of Plaintiffs Iola Favell, Sue Zarnowski and Mariah Cummings is attached hereto as **Exhibit J**.

k. A copy of Notice of Appearance of Elizabeth L. Deeley is attached hereto as **Exhibit K**.

l. A copy of Notice of Appearance of Melanie M. Blunschi is attached hereto as **Exhibit L**.

m. A copy of Notice of Posting Complex Fees is attached hereto as **Exhibit M**.

n. A copy of the Affidavit of Service showing service on the Complaint and Summons on 2U is attached hereto as **Exhibit N**.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

2U, INC.'S
NOTICE OF REMOVAL
CASE NO. 2:23-cv-846

o. A copy of the Affidavit of Service showing service of Initial Status Conference Order on 2U is attached hereto as **Exhibit O**.

p. A copy of the Affidavit of Service of Eric Rothschild's *Pro Hac Vice* papers on the California State Bar is attached hereto as **Exhibit P**.

q. A copy of the Affidavit of Service showing service on the University of Southern California of the Complaint and Summons is attached hereto as **Exhibit Q.**

r. A copy of the Proof of Service showing service of the Complaint on 2U is attached hereto as **Exhibit R**.

s. A copy of the of the Proof of Service showing service of the Complaint on University of Southern California is attached hereto as **Exhibit S**.

t. A copy of the Superior Court Docket Sheet is attached hereto as **Exhibit T**.

27. 2U has not filed an answer or other response to the Complaint in the Los Angeles County Superior Court before removal and is not aware of any pending motions filed in that court.

28. Pursuant to 28 U.S.C. § 1446(b)(2)(A), the undersigned has attained consent from all Defendants to removal of the action.

29. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

30. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy, along with a notice of filing of the notice of removal, is being filed with the Clerk of Los Angeles County Superior Court, California.

31. 2U reserves the right to amend or supplement this Notice of Removal. 2U further reserves all rights and defenses, including, but not limited to, those available under the Federal Rules of Civil Procedure.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

2U, INC.'S
NOTICE OF REMOVAL
CASE NO. 2:23-cv-846

## V. CONCLUSION

32. 2U respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Los Angeles County Superior Court, California.

Dated: February 3, 2023

Respectfully submitted,

LATHAM & WATKINS LLP

By  /s/ Melanie M. Blunschi
Elizabeth L. Deeley (CA Bar No. 230798)
elizabeth.deeley@lw.com
Melanie M. Blunschi (CA Bar No. 234264)
melanie.blunschi@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

*Attorneys for Defendant 2U, Inc.*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

2U, INC.'S
NOTICE OF REMOVAL
CASE NO. 2:23-cv-846