LATHAM & WATKINS LLP
Elizabeth L. Deeley (CA Bar No. 230798)
  elizabeth.deeley@lw.com
Melanie M. Blunschi (CA Bar No. 234264)
  melanie.blunschi@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

Roman Martinez (*pro hac vice* pending)
  roman.martinez@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

*Attorneys for Defendant 2U, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### CENTRAL DIVISION

| | |
|---|---|
| IOLA FAVELL, SUE ZARNOWSKI, and MARIAH CUMMINGS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA and 2U, INC.,<br><br>Defendants. | Case No. 2:23-cv-00846 SPG (MARx)<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF 2U, INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Sherilyn Peace Garnett<br>Date:   May 17, 2023<br>Time:   1:30 P.M.<br>Place:  Courtroom 5C<br><br>*[Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities; Declaration in Support; Proposed Orders filed concurrently herewith]* |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

Pursuant to Federal Rule of Evidence 201 and the incorporation by reference doctrine, Defendant 2U, Inc. ("2U") respectfully requests that the Court consider four documents in support of 2U's concurrently filed Motion to Dismiss Class Action Complaint (the "Motion"). These documents are incorporated by reference into the Complaint and subject to judicial notice, and they are submitted as Exhibits 1 to 4 to the Declaration of Melanie Blunschi in Support of Defendants' Motion:

1. The "Services Agreement" between the University of Southern California and 2tor, Inc., dated October 29, 2008, and publicly available at https://www.sec.gov/Archives/edgar/data/1459417/000104746914001172/a2218267zex-10_1.htm.

2. U.S. News & World Report's ("US News") webpage titled "Methodology: 2023 Best Education Schools Rankings," dated March 28, 2022, and publicly available at https://www.usnews.com/education/best-gradute-schools/articles/education-schools-methodology.

3. Jones Day's report titled "School of Education Rankings Reporting Investigation," which was prepared for the University of Southern California on April 27, 2022 and is publicly available at https://customsitesmedia.usc.edu/wp-content/uploads/sites/545/2022/04/29110617/Rossier-Rankings-Report-4.27.22.pdf.

4. The December 20, 2022 letter sent from Tycko & Zavareei to 2U regarding "Notice of Violations of Section 1770 of California's Consumers Legal Remedies Act."

## I.    LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), this Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("Both [the incorporation by reference doctrine and judicial notice] permit district courts to

consider materials outside a complaint[.]"); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060-62 (C.D. Cal. 2012) (considering documents plaintiff referenced and relied on in the complaint in a motion to dismiss).

Incorporation by reference allows courts to treat certain documents as if they are part of the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1162-63 (9th Cir. 2019) (citation omitted). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom— their claims." *Khoja*, 899 F.3d at 1002 (citation omitted). Where a claim necessarily depends on the contents of a document, the document is properly incorporated by reference. *See id.* at 1006; *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference applies to "situations in which the plaintiff's claim depends on the contents of a document . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint") (citation omitted).

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted); *see also Okla. Firefighters Pension & Ret. Sys. v. Ixia*, No. 13-08440-MMM, 2015 WL 1775221, at *14 (C.D. Cal. Apr. 14, 2015) ("Where a document has been incorporated by reference in a complaint, a court 'may treat such a document as part of the complaint'" and "can consider the entire document, not simply the portion on which plaintiffs rely.") (citations omitted). For example, courts may consider the contents of documents incorporated by reference in assessing the plausibility of a plaintiff's allegations. *See Tellabs*, 551 U.S. at 322-23 (explaining that courts may rely on judicially noticed facts and documents incorporated by reference to determine "whether *all* of the facts alleged, taken collectively" meet the applicable pleading standard, as opposed to

"any individual allegation, scrutinized in isolation") (emphasis in original); *In re Eventbrite, Inc. Secs. Litig.*, No. 5:18-cv-02109-EJD, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (holding that contents of documents incorporated by reference can rebut conclusory or otherwise ill-pled allegations, and can provide context for allegedly fraudulent statements).

In addition, under the Federal Rules of Evidence, courts may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court "may consider public filings, including SEC filings," and "may also take judicial notice of other matters of public record." *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007) (citations omitted); *see also Khoja*, 899 F.3d at 999 (explaining that "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment") (citation omitted). Unlike the incorporation by reference doctrine, which accepts the entire document as true, the "court must also consider—and identify—which fact or facts it is noticing" and determine if those facts are "not subject to reasonable dispute." *Id.*.

II.  **ARGUMENT**

A.  **Exhibits 1 Through 4 Are Incorporated By Reference**

Exhibits 1 through 4 are incorporated by reference into Plaintiffs' Class Action Complaint (the "Complaint") because Plaintiffs refer to them extensively and they form the basis of Plaintiffs' claims.

**Exhibit 1** is the October 29, 2008, contract between USC and 2U that authorized 2U to provide support and other services for an online Masters in Teaching program at USC Rossier. Plaintiffs repeatedly refer to, and selectively quote from, this agreement when characterizing Defendants' contractual relationship in their Complaint. Complaint ("Compl.") ¶¶ 15, 23, 25, 26, 31, 33-35, 42-44, 100.

Exhibit 3 also forms the basis of Plaintiffs' fraud claims against 2U because Plaintiffs point to the Defendants' contractual relationship as evidence that 2U had a hand in, and should be held liable for, the allegedly offending marketing. *See, e.g.,* *id.* ¶ 42 ("Defendants incorporated into their contract an agreement that USC Rossier's online programs would be marketed as consistent with in-person programs, without any carve out for situations where doing so would be misleading."); *id.* ¶ 43 ("The contract also contains other provisions to ensure the online programs were seen the same as the rest of USC Rossier."), *id.* ¶ 44 ("In accordance with the contract, … Defendants marketed USC Rossier's online degrees to prospective students as equivalent to USC Rossier's in-person degrees[.]").

**Exhibit 2** is a screenshot of a US News webpage describing the methodology it used to calculate the most recent version of its "Best Education Schools" rankings. The Best Education Schools rankings are the very rankings at issue in the Complaint, which Plaintiffs claim were based on fraudulent data from 2009 to 2021. The Complaint explicitly refers to and quotes from the methodology contained in Exhibit 2, and even includes a direct hyperlink to this Exhibit. *Id.* ¶¶ 55, 56, 59, 70.

**Exhibit 3** is a report released by Jones Day, the law firm that USC retained to investigate the USC Rossier rankings, on April 27, 2022 (the "Jones Day Report"). It describes Jones Day's investigation into USC's past data submissions to US News for the Best Education Graduate Schools rankings. Plaintiffs repeatedly and explicitly refer to, quote from, and directly hyperlink the Jones Day Report. *Id.* ¶¶ 1, 49, 54, 56, 58-60, 62, 66-67, 69-70, 72-73, 83, 94, 143, 144. The contents of the Jones Day Report also form the basis of Plaintiffs' claims that USC Rossier's Best Education Schools rankings for the years 2009 through 2021 were fraudulently obtained because USC provided doctored "student selectivity" data to US News. *See, e.g., id.* ¶ 49 (USC Rossier's jump in the rankings "was fraud, as revealed through … Jones Day"); *id.* ¶ 58 ("Jones Day's report … revealed that the data USC Rossier submitted to US News was plagued with fraud").

**Exhibit 4** is a letter written by Plaintiffs' counsel and sent to 2U pursuant to the California Consumers Legal Remedies Act (the "CLRA Notice Letter"). Plaintiffs explicitly refer to this Exhibit in the Complaint:  "Pursuant to Civil Code § 1782, on December 20, 2022, the date of the filing of this Complaint, Plaintiffs are sending … written notice to Defendants[] … setting forth the particular violations of § 1770."  *Id.* ¶ 167.  This letter also is required under California law before a plaintiff may bring a claim for damages under the CLRA, Cal. Civ. Code § 1782(a), and as a result, Plaintiffs' expressed intention to later amend to bring a claim for damages under the CLRA necessarily relies on this letter, *Won Kyung Hwang v. Ohso Clean, Inc.*, No. 12-06355-JCS, 2013 WL 1632697, at *2 n.2 (N.D. Cal. Apr. 16, 2013) (incorporating CLRA letter by reference and agreeing that a CLRA claim for damages "necessarily rel[ies] on the [CLRA] letter").  *See* Compl. ¶ 167 (pleading that "Defendants' failure to [rectify allegations made in Exhibit 4] will result in Plaintiffs amending this [Complaint] to seek … compensatory damages, punitive damages, and restitution[.]").

Plaintiffs' treatment of the Exhibits establishes that each is properly incorporated by reference into the Complaint.  Plaintiffs "refer[] extensively" and explicitly to each Exhibit, and also rely on the Exhibits to "form[] the basis" of their claims.  *Khoja*, 899 F.3d at 1004, 1006; *see also Sanders v. The RealReal, Inc.*, No. 19-cv-07737-EJD, 2021 WL 1222625, at *5 (N.D. Cal. Mar. 31, 2021) (incorporating by reference documents that a complaint "explicitly and repeatedly refer[red] to"); *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1049 n.1 (N.D. Cal. 2015) ("[A] plaintiff who bases his claims on the contents of particular documents can 'hardly complain' when a defendant refers to the same information in its defense.") (quoting *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012)). Plaintiffs also selectively characterize and quote from these Exhibits, which should instead be considered in their full context.  *See Khoja*, 899 F.3d at 1002 ("The [incorporation by reference] doctrine prevents plaintiffs from selecting only portions

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS
Case No. 2:23-cv-00846 SPG (MARx)

of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."); *In re Autodesk, Inc. Secs. Litig.*, 132 F. Supp. 2d 833, 837 (N.D. Cal. 2000) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim."). And no party disputes the Exhibits' authenticity. *See, e.g., Hodges v. King's Hawaiian Bakery West, Inc.*, No. 21-cv-04541-PJH, 2021 WL 5178826, at *4 (N.D. Cal. Nov. 8, 2021) (defendants' response to the plaintiff's CLRA letter was incorporated by reference where the letter was identified in the complaint and no party disputed its authenticity); *Asghari v. Volkswagen Grp. Of Am., Inc.*, 42 F. Supp. 3d 1306, 1318 n.33 (C.D. Cal. 2013) (considering the plaintiff's CLRA letter whose authenticity no party contested); *Won Kyung Hwang*, 2013 WL 1632697, at *2 n.2 (same). Accordingly, Exhibits 1 through 4 are incorporated by reference in the Complaint, and the Court should consider them in reviewing the Motion.

### B. The Court May Judicially Notice Exhibits 1 Through 4

Exhibits 1 through 4 also are subject to judicial notice because each is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). There is no dispute that Exhibits 1 through 3 are matters of public record or otherwise are available in the public domain through public websites. *See Khoja*, 899 F.3d at 999 (citations omitted) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment"); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) ("[A] court may take judicial notice … of publicly accessible websites whose accuracy and authenticity is not subject to dispute"); *In re Wet Seal,* 518 F. Supp. 2d at 1157 (holding that judicial notice of matters of public record is proper). And there can be no reasonable dispute that US News webpages contain accurate and authentic

information about US News rankings methodologies, that the U.S. Securities & Exchange Commission ("SEC") website is a reliable source for the contract between USC and 2U, which was filed with the SEC, or that USC's own website is a reliable source for a true and accurate copy of the Jones Day Report commissioned on its behalf. There likewise can be no "reasonable dispute" about the contents of Exhibit 4—the CLRA Notice Letter—which Plaintiffs' counsel itself authored. *See, e.g.*, *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 845 n.1 (N.D. Cal. 2018) (taking judicial reference of CLRA letter). The Court may therefore consider facts contained in Exhibits 1 through 4 to review the Complaint and evaluate 2U's Motion.

## III.   CONCLUSION

For the foregoing reasons, 2U respectfully requests that the Court consider Exhibits 1 through 4 in connection with 2U's Motion.

Dated:  March 8, 2023                Respectfully submitted,

LATHAM & WATKINS LLP
  Elizabeth L. Deeley
  Melanie M. Blunschi
  Roman Martinez

By  */s/ Melanie M. Blunschi*
    Melanie M. Blunschi
*Attorneys for Defendant 2U, Inc*