UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 23-846-GW-MARx | Date | June 2, 2025 |
|---|---|---|---|
| Title | *Iola Favell et al v. University of Southern California, et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None Present   None Present

**PROCEEDINGS:**   **IN CHAMBERS - SUPPLEMENTAL TENTATIVE RULING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [176; U/S 181]**

Attached hereto is the Court's Tentative Ruling on Plaintiffs' Motion [176] set for hearing on June 5, 2025 at 8:30 a.m.

: 

Initials of Preparer   JG

*Iola Favell et al. v. University of Southern California et al.*; Case No. 2:23-cv-00846-GW-(MARx); *Iola Favell et al. v. University of Southern California et al.*; Case No. 2:23-cv-03389-GW-(MARx); Supplemental Tentative Ruling on Motion for Class Certification

      The Court issued a combined tentative ruling granting identical versions of Plaintiffs' Motion for Class Certification. *See Iola Favell et al. v. University of Southern California et al.*, Case No. 2:23-cv-00846-GW-(MARx) (C.D. Cal.) ("*Favell I*"), Docket No. 193; *Iola Favell et al. v. University of Southern California et al.*, Case No. 2:23-cv-03389-GW-(MARx) (C.D. Cal.) ("*Favell II*"), Docket No. 178.[1] Based on oral argument at the hearing, the Court adopts the tentative ruling as final. However, at the hearing, Defendant University of Southern California ("USC") raised the issue of subclassing plaintiffs based upon their year of enrollment pursuant to USC's anticipated defenses, and the Court directed the parties to file supplementary briefing concerning the subclass issue. *See* Docket No. 195. The Court has considered the parties' supplemental briefs (*see* USC Brief, Docket No. 196, Plaintiffs' Brief, Docket No. 197) and replies (*see* USC Reply, Docket No. 200, Plaintiffs' Reply, Docket No. 201) concerning subclasses. For the reasons stated herein, the Court would decline to adopt USC's subclass proposal at this time.

**I.    Background**

      As the Court has recounted in more detail in its tentative ruling on class certification, *see* Docket No. 193 at 1-3, this case concerns allegations by Iola Favell, Sue Zarnowski, Mariah Cummings, and Ahmad Murtada ("Plaintiffs") that USC engaged in a scheme to artificially inflate the U.S. News & World Report ("US News") ranking of USC's Rossier School of Education ("USC Rossier") by submitting incomplete data to US News – and then marketed that fraudulent ranking to the public. *See generally* Second Amended Complaint ("SAC"), *Favell I*, Docket No. 67; First Amended Complaint, *Favell II*, Docket No. 58.[2] USC submitted student selectivity data *only* for USC Rossier's highly selective, in-person PhD program – but *not* from its less-competitive EdD program, reporting a forty percentage point drop in USC Rossier's acceptance rate between the 2009 to the 2010 rankings, leading to a ranking climb from #38 to #22. SAC ¶ 50, 58-61. USC also allegedly suppressed its enrollment figures by excluding online EdD

---

[1] All record citations will hereinafter refer to the docket in *Favell I*.

[2] Because the factual allegations (the first 171 paragraphs) in the SAC in *Favel I* and FAC in *Favel II* are identical, the Court will hereinafter cite to the SAC in *Favel I* for simplicity.

1

students and falsely designating other EdD students as part-time to manipulate its faculty-student ratios. See Docket Nos. 177-21 & 177-29, and overstated its research expenditures by reporting grants outside of USC Rossier's accounts. See Docket Nos. 177-33 & 177-35.

The Court has previously ruled that USC's use of the phrase "top-ranked" is nonactionable puffery, see Docket No. 101 at 11, and has now certified the following Class and Subclasses:

> <u>Class</u>: All persons who: (1) were enrolled in the online MAT (single subject ("SS") or multiple subject ("MS")) or the online Ed.D in Organizational Change and Leadership (OCL) at Rossier; (2) began classes in a program cohort between August 2017 and January 2022; and (3) paid or were obligated to pay tuition for classes associated with the program in which they enrolled.
>
> <u>Online MAT Damages Subclass</u>: All Class Members who were enrolled in the online MAT (SS or MS) at Rossier.
>
> <u>Online OCL Damages Subclass</u>: All Class Members who were enrolled in the online Ed.D in OCL at Rossier.

See Docket No. 181 at 1-2; Docket No. 193 at 3.

USC now seeks the creation of a subclass "of students who enrolled prior to publication of the 2020 edition of U.S. News's rankings . . . or, at the very least, a subclass of students who enrolled prior to publication of the 2019 edition." USC Brief at 5. USC contends that subclassing is appropriate because of certain defenses it intends to raise affecting these earlier-enrolled students, including that US News did not specify that EdD data was required and USC's good-faith belief that it could submit only PhD data. *Id.* at 2-4. Plaintiffs challenge this defense on the merits and argue that, even if true, it would not support subclassing because USC engaged in other misreporting and misrepresentations throughout the class period such that differentiating plaintiffs based on one specific aspect of the misreporting would be unjustifiable. See Plaintiffs' Brief at 4.

## II.     **Legal Standard**

"When appropriate, a class may be divided into subclasses." Fed. R. Civ. P. 23(c)(5). "[O]nly a truly fundamental conflict of interest" between groups of plaintiffs "requires sub-classing," and "there is no need to create subclasses to accommodate every instance of differently weighted interests." *Rollins v. Dignity Health*, 336 F.R.D. 456, 464-65 (N.D. Cal. 2020) (internal quotation marks omitted). "Subclasses may [also] be used to more efficiently resolve common issues during the proceeding and at trial." *Aldapa v. Fowler Packing Co., Inc.*, 323 F.R.D. 316, 326 (E.D. Cal. 2018). However, "[a] court should not insist on the creation of a subclass unless it serves a necessary purpose since it adds to the cost and complexity of a class action." *Rollins*, 336

F.R.D. at 465; *see also Petrie v. Elec. Game Card, Inc.*, 308 F.R.D. 336, 359 (C.D. Cal. 2015) (declining to create "subclasses to account for the fact that one defendant did not become involved in a fraudulent scheme until part way through the class period" because of potential for "needless confusion" and finding "proportionate liability" concerns could be addressed by other means).

### III. Discussion

The Court does not find subclassing as USC proposes to "serve a necessary purpose" or promote efficiency here. *Rollins*, 336 F.R.D. at 465. USC's proposed subclass has to do with whether it acted in good faith and thus did not knowingly report false data during a certain period. USC Brief at 2-3. This, USC contends, creates defenses specific to plaintiffs who enrolled during that period. *Id*. However, USC has not responded to Plaintiffs' argument that such a defense would not be decisive as to this identified group of plaintiffs because of other alleged misreporting. *See* Plaintiffs' Brief at 4; Plaintiffs' Reply at 2.

Notably, USC's defense is dependent on facts concerning USC, not a "slight variance" in the harms to or "experiences" of plaintiffs that would "make[] proceeding with subclasses a preferable solution for streamlining litigation that might otherwise become unwieldy." *Moore v. Ulta Salon, Cosms. & Fragrance, Inc.*, 311 F.R.D. 590, 609 (C.D. Cal. 2015) (creating four subclasses of employees who underwent exit inspections during rest breaks, meal breaks, at the end of their shift, and at the end of a closing shift). This makes USC's proposed subclass structure more like *Petrie*, predicated on the extent of a defendant's liability instead of differences among plaintiffs for which subclassing might provide some necessary organization. 308 F.R.D. at 359.

At this juncture, the Court is not persuaded that the good-faith defenses USC intends to assert justify further subclassing plaintiffs beyond the damages subclasses Plaintiffs have already proposed. As Plaintiffs point out, the Court may revisit the issue should complications justifying USC's requested subclassification "surface as the suit progresses." *Blackie v. Barrack*, 524 F.2d 891, 909 (9th Cir. 1975).

### IV. Conclusion

Based upon its earlier findings, the Court **PRELIMINARY CERTIFIES** the proposed class, **APPOINTS** Iola Favell, Sue Zarnowski, Mariah Cummings, and Ahmad Murtada as Class Representatives, and **APPOINTS** Tycko & Zavareei LLP and National Student Legal Defense Network as Class Counsel.